Samuel M. Stricklin (State Bar No. 19397050)
Brian C. Mitchell (State Bar No. 24046452)
Bracewell and Giuliani LLP
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202-2711
Telephone: (214) 468-3800
Facsimile: (214) 468-3888
Email: brian.mitchell@bgllp.com

Attorneys for Hillcrest Bank

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 |
| | § | |
| SHORES PROPERTIES, L.P. | § | |
| | § | |
| | § | |
| | § | |
| Debtor. | § | CASE NO. 10-34904-SGJ11 |

Preliminary Hearing Date: September 30, 2010
Preliminary Hearing Time: 1:30 p.m.

## MOTION OF HILLCREST BANK FOR RELIEF FROM THE AUTOMATIC STAY

THE TRUSTEE (IF ONE HAS BEEN APPOINTED) OR THE DEBTOR SHALL FILE A RESPONSE TO ANY MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITHIN 12 DAYS FROM THE SERVICE OF THIS MOTION. THE DEBTOR'S RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED. IF THE DEBTOR DOES NOT FILE A RESPONSE AS REQUIRED, THE ALLEGATIONS IN THE CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY SHALL BE DEEMED ADMITTED, UNLESS GOOD CAUSE IS SHOWN WHY THESE ALLEGATIONS SHOULD NOT BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.

PURSUANT TO L.B.R. 4001.1(e), MOVANT SHALL BE REQUIRED TO SERVE EVIDENTIARY AFFIDAVITS IN SUPPORT OF THIS MOTION AT LEAST 7 DAYS IN ADVANCE OF THE PRELIMINARY HEARING. THE RESPONDING PARTY MUST SERVE EVIDENTIARY AFFIDAVITS AT LEAST 48 HOURS IN ADVANCE OF THE PRELIMINARY HEARING.

Hillcrest Bank ("Hillcrest"), a secured creditor and party in interest in the above-styled bankruptcy case, hereby files its Motion for Relief From the Automatic Stay (the "Motion") pursuant to 11 U.S.C. § 362 and Federal Rule of Bankruptcy Procedure 4001, and in support thereof respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

2. On July 12, 2010, (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"). The Debtor alleges that it continues to operate its business and manage its property as a debtor and debtor-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

3. Prior to the Petition Date, on or about October 31, 2004, Hillcrest and Debtor entered into a Loan Agreement (the "Loan Agreement"), whereby Hillcrest agreed to loan Debtor the amount of $4,150,000.00.[1] The Loan Agreement was made in connection with Debtor's purchase of a portion of a golf course, which consisted of seven golf holes, a clubhouse, pool and

---

[1] *See* Loan Agreement, a true and correct copy of which is attached hereto as Exhibit "A." The Loan Agreement was subsequently amended on January 11, 2006 via a First Modification of Loan Agreement and Other Loan Documents (the "First Amendment to Loan Agreement"), on November 1, 2007 via a Second Loan Modification Agreement (the "Second Amendment to Loan Agreement"), on January 1, 2008 via a Third Loan Modification Agreement (the "Third Amendment to Loan Agreement"), on March 1, 2008 via a Fourth Loan Modification Agreement (the "Fourth Amendment to Loan Agreement"), on November 15, 2008 via a Fifth Loan Modification Agreement (the "Fifth Amendment to Loan Agreement"), and on November 20, 2009 via a Sixth Loan Modification Agreement (the "Sixth Amendment to Loan Agreement"). *See* Exhibits "A-1" through "A-6," respectively, true and correct copies of which are attached hereto. The Loan Agreement and all subsequent amendments thereto shall be collectively referred to herein, unless otherwise indicated, as the "Loan Agreement").

tennis courts (the "Property").[2] Pursuant to the terms of the Loan Agreement, and contemporaneously therewith, Debtor executed a promissory note (the "Note") in favor of Hillcrest in the amount of $4,150,000.00.[3] The Loan Agreement and Note were secured by a Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing (the "Deed of Trust"), which was filed in the County Records of Rockwall County, Texas on November 12, 2004.[4]

4. As a result of the aforementioned Deed of Trust, Hillcrest has properly perfected, first priority liens on the Property.[5]

5. Prior to the Petition Date, the City of Rockwall, who owns the remaining eleven golf holes comprising the current 18-hole course, terminated the lease agreement between it and Debtor. According to the Debtor, the golf course and its related amenities (clubhouse, food, beverage, and golf shop) are now closed. The only facilities on the Property currently being utilized are the pool (which shuts down after Labor Day weekend), tennis courts, and fitness facility, the operating expenses for which are being paid directly from an escrow account owned by the local home owners' association. Upon information and belief, Debtor is not receiving any additional proceeds for these operations.

---

[2] The remaining eleven golf holes are owned by the City of Rockwall, which previously leased Debtor the right to use those holes in connection with the operation of an 18-hole golf course.

[3] *See* Note, a true and correct copy of which is attached hereto as Exhibit "B." The Note was subsequently amended on March 1, 2008 via an Amended and Restated Promissory Note (the "Amended Note"). *See* Amended Note, a true and correct copy of which is attached hereto as Exhibit "B-1." The Note and Amended Note shall be referred to collectively herein, unless otherwise indicated, as the "Note."

[4] *See* Deed of Trust, a true and correct copy of which is attached hereto as Exhibit "C." The Deed of Trust was subsequently amended on February 22, 2005 via a First Amendment to Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing (the "Amended Deed of Trust"). *See* Amended Deed of Trust, a true and correct copy of which is attached hereto as Exhibit "C-1." The Deed of Trust and Amended Deed of Trust shall be referred to collectively herein, unless otherwise indicated, as the "Deed of Trust."

[5] Upon information and belief, Debtor, in direct contravention of the terms and conditions of the Loan Agreement and Note, obtained third-party financing for the payment of property taxes for the Property. To the extent that those amounts remain unpaid, Hillcrest's liens may be subordinate to any liens created by such financing.

6. Hillcrest recently received confirmation from the Debtor that the entity interested in purchasing the Property has now backed out. Hillcrest is unaware of any other viable purchasers currently engaging in discussions with the Debtor regarding the purchase/sale of the Property, notwithstanding Debtor's efforts to obtain a purchaser for many months. The Property is currently closed and receiving minimal weekly maintenance, the lease for the remaining golf holes has been terminated, and the Debtor has no prospects for an exit from this bankruptcy proceeding.

## RELIEF REQUESTED

7. Hillcrest respectfully requests that the Court enter an Order granting it relief from the automatic stay so that it can conduct a non-judicial foreclosure sale on the Property, pursuant to the Deed of Trust, and exercise its full rights and remedies with respect to any future cash collateral resulting from Hillcrest's liens on the Property.

## AUTHORITIES IN SUPPORT OF RELIEF SOUGHT

8. Section 362(d)(1) of the Bankruptcy Code provides that relief may be granted by "terminating, annulling, modifying, or conditioning" the automatic stay for cause, including the lack of adequate protection. 11 U.S.C. § 362(d)(1). The stay may also be terminated with respect to property if the debtor does not have equity in the property and the property is not necessary to an effective reorganization. *See* 11 U.S.C. § 362(d)(2). Both grounds for relief from the automatic stay are met in this case.

9. Hillcrest is not adequately protected by virtue of Debtor's failure to operate the Property for its primary intended purpose—an operational golf course. Moreover, Debtor is currently receiving <u>no revenue</u> for the remaining operations. In the meantime, the golf course is not being adequately maintained, the homeowners' association members are unable to utilize the golf course, and the City of Rockwall has terminated Debtor's use of the remaining eleven holes,

all to the detriment of the Property and Hillcrest's collateral. Therefore, cause exists for lifting the stay under 11 U.S.C. § 362(d)(1).

10. As noted above, the stay may also be terminated with respect to property if the debtor does not have equity in the property and the property is not necessary to an effective reorganization. *See* 11 U.S.C. § 362(d)(2). A debtor has no equity in property for purposes of Section 362(d)(2) when the debts secured by the liens on the property exceed the value of the property itself. *See Sutton v. Bank One, Texas, N.A.*, 904 F.2d 327 (5th Cir. 1990).

11. Debtor's Schedule A makes it clear that Debtor has no equity in the Property, as Debtor calculates the amount of secured claims to be in excess of the current value of the Property (current listed value of $4,039,396.00 versus listed amount of secured claim of $4,078,295.06). Notably, Debtor's representative admitted at the initial meeting of creditors that the current value provided in Debtor's Schedule A assumed a fully operational 18-hole golf course, not a closed 8-hole course. Therefore, the value of the Property is significantly less than the value listed on Debtor's Schedule A. Having demonstrated that there is no equity in the Property, the burden is on the Debtors to prove that the Property is necessary for an effective reorganization. *See* 11 U.S.C. § 362(g)(2); *In re Canal Place Ltd. Partnership*, 921 F.2d 569, 576 (5th Cir. 1991).

12. The seminal case discussing the standard to be applied under § 362(d)(2)(B) is *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). According to the Supreme Court, to demonstrate that property is necessary for an effective reorganization, the debtor must show that "the property is essential for an effective reorganization that is in prospect." *Timbers*, 484 U.S. at 375-76. "This means that

there must be 'a reasonable possibility of a successful reorganization within a reasonable time.'" *Timbers*, 484 U.S. at 376.

13. As set forth above, Debtors bear the burden of proving that the Property is necessary for an effective reorganization. *See* 11 U.S.C. § 362(g)(2); *In re Canal Place Ltd. Partnership*, 921 F.2d 569, 576 (5th Cir. 1991). Nevertheless, it is readily apparent that the Property is not necessary for an effective reorganization because there is no reasonable expectation of a reorganization in this case. Hillcrest has been in ongoing negotiations with the Debtor since long before the Petition Date, and the Debtor has been unable to present any viable plan of reorganization. Continuation of this case will only result in the incurrence of additional administrative expenses, which the Debtor will have no ability to repay. Accordingly, the Court should grant Hillcrest relief from the automatic stay to exercise its available legal remedies with respect to the Property, including but not limited to a non-judicial foreclosure sale.

## CONCLUSION

WHEREFORE, based on the foregoing, Hillcrest Bank respectfully requests this Court enter an order granting it relief from the automatic stay to pursue whatever remedies are available to it with respect to the Property. Hillcrest Bank also requests any such other and further relief, at law or in equity, to which it may be justly entitled.

DATE: September 1, 2010.

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By: /s/ Brian C. Mitchell
    Samuel M. Stricklin
    State Bar No. 19397050
    Brian C. Mitchell
    State Bar No. 24046452

1445 Ross Avenue Suite 3800
Dallas, TX 75202-2711
Telephone: (214) 468-3800
Facsimile: (214) 468-3888
sam.stricklin@bgllp.com
brian.mitchell@bgllp.com

**ATTORNEYS FOR HILLCREST BANK**

## CERTIFICATE OF CONFERENCE

Counsel for Hillcrest Bank discussed the relief sought in this motion with counsel for Debtor on August 31, 2010. Despite their best efforts, the parties were unable to reach an agreement. Thus, Debtor is opposed to the motion.

/s/ Brian C. Mitchell
Brian C. Mitchell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served electronically via the Court's ECF noticing system on those parties who receive notice from that system, as well as the parties listed on the attached service matrix via U.S. mail, on the 1st day of September, 2010.

/s/ Brian C. Mitchell
Brian C. Mitchell

EZ GO Division of Textron
26007 Network Place
Chicago, IL 60673-0001

Ecolab Inc.
655 Lone Oak Drive
Eagan, MN 55121-1649

Edward White & Co LLP
21700 Oxnard Street, Suite 400
Woodland Hills, CA 91367-3692


Forefront
PO Box 640870
Cincinnati, OH 45264-0870

Golf Design Scorecards Unlimited
670 Lakeview Plaza, Suite N
Worthington, OH 43085-4783

Golf Ventures West
2126 E Edgewood Drive, Suite 3
Lakeland, FL 33803-3636


Golfnet
5 Dowd Circle, Suite B
Pinehurst, NC 28374-7901

Gordon & Rees, LLP
275 Battery Street, 20th Floor
San Francisco, CA 94111-3367

Helaine Silverstein
3135 Via Pasada Del Norte
Rancho Santa Fe, CA 92067


Highland Creek Golf Club
7101 Hiighland Creek Parkway
Charlotte, NC 28269-0643

Hillcrest Bank
11111 W. 95th St.
Overland Park, KA 66214-1800

Hillcrest Bank
11111 West 95th St.
Overland Park, KS 66214-1800


Hillcrest Bank
5800 E. Bannister Road
Suite 125
Kansas City, MO 64134-1190

Hudson Energy
Lockbox 841812
1950 N. Stemmons Freeway
Dallas, TX 75207-3134

IRI Golf Group Management
11512 El Camino Real, Suite 120
San Diego, CA 92130-2087


IRI Golf Management
11512 El Camino Real
Suite 120
San Diego, CA 92130-2087

IRI Sabino Springs
9777 E. SAbino Greens Drive
Tucson, AZ 85749-9152

ISI Commercial Refrigeration, Inc.
Attn: Jeff Weber
PO Box 569060
Dallas, TX 75356-9060


ISI Commercial Refrigeration, LP
PO Box 569060
Dallas, TX 75356-9060

Idea Art
PO Box 2933
Colorado Springs, CO 80901-2933

Info-Hold, Inc.
Attn: Monica Thatcher
4120 Airport Road
Cincinnati, OH 45226-1644


Integrated Business Systems, Inc.
12201 Gayton Road, Suite 100
Richmond, VA 23238-8203

Internal Revenue Service
PO Box 105273
Atlanta, GA 30348-5273

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326


Jason A. Starks
Assistant Attorney General
Bankruptcy & Collections Division
PO Box 12548
Austin, TX 78711 2548

Jeff Silverstein
11512 El Camino Real
Suite 120
San Diego, CA 92130-2087

Lakeview Power
3902 Lakeview Parkway
Rowlett, TX 75088-4013


Letco
1520 E I-30
Rockwall, TX 75087-6235

Liquid Environment Solutions
11301 Newkirk Street
Dallas, TX 75229-3202

Mantek
PO Box 971269
Dallas, TX 75398-1269

Martin Preferred Foods
PO box 4346, Dept 170
Houston, TX 77210-4346

Merchant Advance Funding
220 5th Avenue, Suite 400
New York, NY 10001-7708

Metro Linen Company
PO Box 978
McKinney, TX 75070-8146


Ms. Stephanie Schreiber
TCF Equipment Finance, Inc.
111000 Wayzata Blvd., Suite 801
Minnetonka, MN 55305

Neese Material
21146 Network Place
Chicago, IL 60673-0001

Netbank Businesws Finance
1919 South Shiloh Road No. 312
LB 2
Garland, TX 75042-8900


Nike USA, Inc.
PO Box 847648
Dallas, TX 75284.7648

Oakridge County Club
2800 Diamond Oaks Drive
Garland, TX 75044-6999

Orbit Enterprises, Inc.
13024 Beverly Park Road No. 102
Mukilteo, WA 98275-5857


PFG-National City - LWNMWR
No. 533650004
995 Dalton Avenue
Cincinnati, OH 45203-1101

Poolside Service and Repair
2115 Crestlake Drive
Rockwall, TX 75087-2391

Premier Communities Management Co.
3102 Oak Lawn Avenue
Suite 202
Dallas, TX 75219-6400


Professional Backflow Testing
5068 Avery Lane
The Colony, TX 75056-2338

RETC, Limited Partnership
P.O. Box 865041
Plano, TX 75086-5041

Raven at South Mountain
3636 E. Baseline Road
Phoenix, AZ 85042-7214


Real Estate Tax Consultants
3325 Silverstone Drive
Plano, TX 75023-7882

Regal Chemical Co., Inc.
PO Box 403368
Atlanta, GA 30384-3368

Rockwall CAD
Linebarger Goggan Blair & Sampson, LLP
c/o Laurie Spindler Huffman
2323 Bryan Street Ste 1600
Dallas, Texas 75201-2644


Rockwall Central - Pers. Prop. Tax
Rockwall County Tax Office
101 S. Fannin
Rockwall, TX 75087-3775

Rockwall County
Linebarger Goggan Blair & Sampson, LLP
c/o Laurie Spindler Huffman
2323 Bryan Street Ste 1600
Dallas, Texas 75201-2644

San Ignacio Golf Club
4201 S. Camino Del Sol
Green Valley, AZ 85622-5086


Sherwin Williams Co
2007 South Goliad Street
Rockwall, TX 75087-4801

Shores Properties, L.P.
11512 El Camino Real
Suite 120
San Diego, CA 92130-2087

Skybrook Golf Club
14720 Northgreen Drive
Huntersville, NC 28078-2613


Source Data Solutions
4425 W Airport Freeway, Suite 550
Irving, TX 75062-5800

State Comptroller of Public Accounts
PO Box 149348
Austin, TX 78714-9348

Sun Willows Golf Course
2535 N. 20th Avenue
Pasco, WA 99301-3392


Susan B. Hersh
SUSAN B. HERSH, P.C.
12770 Coit Road, Suite 1100
Dallas, TX 75251-1329

Sysco Food Services of Dallas
Attn: Brian
PO Box 560700
Lewisville, TX 75056-0700

Technical Consulting Resources
3401 Cuter Road, Suite 133
Plano, TX 75023-7553

Terminix
2540 Plano Parkway, Suite 126B
Plano, TX 75074-7476

Texas Land Finance Company II
4201 Spring Valley Road No. 1102
Dallas, TX 75244-3619

Texas Refinery corp
PO Box 711
Ft Worth, TX 76101-0711

Texas Workforce Commission
101 E. 15th St.
Austin, TX 78778-0001

Textron Financial - EZ-Go Textron
1451 Marvin Griffin Road
Augusta, GA 30906-3852

Textron Financial Corp.
Dept. AT 40219
Atlanta, GA 31192-0219

Textron Financial EZ GO
Dept. AT 40219
Atlanta, GA 31192-0219

The Divide Golf Club
6803 Stevens Mill Road
Matthews, NC 28104-2912

The Shores on Lake Ray Hubbard
Owners Association, Inc.
CO Hillwood Shores, LP
17480 Dallas Parkway, Ste. 200
Dallas, TX 75287-7304

Trout Plumbing
PO Box 816
Royse City, TX 75189-0816

Twin Creeks
501 Twin Creeks Drive
Allen, TX 75013-5476

U. S. Attorney
Main Justice Bldg.
10th St. & Pennsylvania Ave. NW
Washington, DC 20530-0001

Unicard
5340 Alpha Road
Dallas, TX 75240-1389

United Parcel Service 8E8E76
Lockbox 577
Carol Stream, IL 60132-0001

VGM Financial Lease
1111 West San Marnan Drive
Waterloo, IA 50701-9007

Viteconline
PO Box 678287
Dallas, TX 75267-8287

Waterbourne Pumps
PO Box 922
Rockwall, TX 75087-0922

WeScanIDs
4425 W Airport Freeway, Suite 550
Irving, TX 75062-5800

Wittek Golf Supply
3865 Commercial Avenue
Northbrook, IL 60062-1826

Joyce W. Lindauer
Joyce W. Lindauer, Attorney at Law
8140 Walnut Hill Lane, Suite 301
Dallas, TX 75231-4328

Kerry Simmons
8140 Walnut Hill Lane
Suite 301
Dallas, TX 75231-4328

UST U.S. Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-1011

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

City of Dallas
City Hall, 1AN
Dallas, TX 75277

Comptroller of Public Accounts
Revenue Acct. Div-Bankruptcy Sec
PO Box 13528
Austin, TX 78711

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

Label Matrix for local noticing
0539-3
Case 10-34904-sgj11
Northern District of Texas
Dallas
Wed Sep  1 13:45:28 CDT 2010

1100 Commerce Street
Room 1254
Dallas, TX 75242-1305

TCF Equipment Finance, Inc.
Attn: Stephanie Schreiber
111000 Wayzata Blvd.
Suite 901
Minnetonka, MN 55305

49ER Country Club
12000 E Tanque Vede Rd.
Tucson, AZ 85749-9728

Texas Comptroller of Public Accounts
Jason Starks
P.O. Box 12548
Austin, TX 78711-2548

ASCAP
21678 Network Pl.
Chicago, IL 60673-0001

AT & T
AT & T Business Billing
14575 Presidio
Houston, TX 77083

ATMOS ENERGY CORPORATION
ATTN: BANKRUPTCY GROUP
PO BOX 650205
DALLAS TX  75265-0205

Accuproducts Intll Food
7836 Bethel Church Road
Daline, MI 48176-9732

Addison Law Firm
14901 Quorum Drive, Suite 650
Dallas, TX 75254-6760

Admiral Linen & Uniform Service
1340 E. Berry Street
Fort Worth, TX 76119-3003

Ahead, Inc.
270 Samuel Barnet Blvd.
New Bedford, MA 02745-1219

Allied Waste 15876
1450 E. Cleveland Road
Hutchins, TX 75141-4004

Atmos Energy
PO Box 78108
Phoenix, AZ 85062-8108

Attorney General of Texas
Bankruptcy Division
P O Box 12548
Austin, TX 78711-2548

CT Corporation System
1250 Fourth Street No. 550
Santa Monica, CA 90401-1418

Canda Hills Golf Club
1401 Calle Urbano
Green Valley, AZ 85622

Cbeyond Communications
320 Interstate North Parkway SE
Suite 300
Atlanta, GA 30339-2205

Centurion Financial
1250 4th St.
Suite 550
Santa Monica, CA 90401-1418

Charter Communications
920 Whitmore
Rockwall, TX 75087-4909

(p)CITY OF DALLAS
C O CITY SECRETARYS OFFICE
DALLAS CITY HALL
1500 MARILLA STREET
ROOM 5D SOUTH
DALLAS TX 75201-6390

City of Rockwall
Attn: Julie Couch
385 South Goliad St.
Rockwall, TX 75087-3737

City of Rockwall Health Department
385 S Goliad
Rockwall, TX 75087-3737

City of Rockwall Lease Payments
108 E Washington
Rockwall, TX 75087-3715

Cleveland Golf
PO Box 7270
Newport Beach, CA 92658-7270

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

Dallas Athletic Club
PO Box 570808
Dallas, TX 75357-0808

Dallas Security Systems Inc.
10731 Rockwall Road
Dallas, TX 75238-1219

Dallas Security Systems Inc.
Attn: Terri Anderson
PO Box 550939
Dallas, TX 75355-0939

Double Creeks
The Golf Club at Twin Creeks
501 Twin Creeks Drive
Allen, TX 75013-5476