

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed November 05, 2010**

---

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| In re: | Chapter 11 |
|---|---|
| **SHORES PROPERTIES, L.P.** | Case No. 10-34904-sgj-11 |
| Debtors. | |

### ORDER AUTHORIZING REJECTION OF UNEXPIRED EQUIPMENT LEASE
[Docket No. 52]

Upon the motion (the "**Motion**")[1] of Shores Properties, L.P. (the "**Debtor**"), the debtor and debtor-in-possession in the above-captioned bankruptcy case, for entry of an order authorizing the Debtor to reject that certain equipment lease (the "**Lease**") between the Debtor and Textron Financial Corporation ("**Textron Financial**") regarding certain golf carts and other equipment, effective as of November 1, 2010, pursuant to Sections 105, 363, 365, and 554 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002(a)(2) and 6004(h) of the Federal Rules of Bankruptcy Procedure; the Court, having reviewed the Motion, finds that

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**ORDER AUTHORIZING REJECTION OF UNEXPIRED EQUIPMENT LEASE- Page 1**

the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core matter pursuant to 28 U.S.C. § 157(b)(2), notice of the Motion was sufficient under the circumstances and that no further notice need be given, and the legal and factual bases set forth in the Motion establishes just cause for the relief granted herein,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Debtor's rejection of the Lease is authorized and approved pursuant to Section 365 of the Bankruptcy Code, which rejection is effective upon the entry of this Order.

3. The Debtor shall turn over the equipment that is the subject of the Lease to Textron Financial or its representative or agent immediately upon entry of this Order.

4. Textron Financial shall have sixty (60) days from the date of the entry of this Order to file any rejection claims arising from the rejection of the Lease.

5. Textron Financial reserves all its rights under applicable bankruptcy and non-bankruptcy law, including, but not limited to, its right to assert an administrative expense claim.

6. This Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

7. This Order is effective immediately upon entry.

### END OF ORDER ###