Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX   75242

(214) 767-1088
Nancy Resnick
State Bar No. 00790135

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| SHORES PROPERTIES LTD. | § | 10-34904-SGJ-11 |
| | § | |
| | § | hearing: Dec. 1, 2010 at 9:30 a.m. |

**United States Trustee's Objection to First  Disclosure Statement**

The United States Trustee for Region 6 files an  Objection to the First  Disclosure Statement Dated October 10, 2010 filed by the Debtor and respectfully represents as follows:

**Summary**

The Disclosure Statement sets forth a plan that involves neither an ongoing business enterprise nor a liquidating trust.  The United States Trustee finds no legitimate purpose to pursue confirmation of  a plan which contemplates that all estate assets be surrendered.  The plan contemplates a $25,000 contribution from "equity interests" to pay 10% on the effective date to $150,000  non insider /non disputed claims[1]  The debtor is a limited partnership.  Old West Trail LP owns 99.9 % and Blackhawk Golf Course L.P. owns a .0001% interest.   Since the post petition debtor  involves a partnership with no assets and significant debts , there should be further discussion regarding the

---

[1] Schedule F lists no less than $3 million of unsecured debt

circumstances of debtor's principal infusing $25,000 and why this should be accomplished through chapter 11 versus chapter 7, or rather why the case should simply be dismissed. Accordingly, the Disclosure Statement should be disapproved or, alternatively amended or alternatively simply withdrawn.

## Background

1. The Debtor filed its voluntary petition in bankruptcy on July 12, 2010. At the time of filing the assets of the estate included seven golf holes, a clubhouse, pool, and tennis court.

2. During the immediate post petition summer months, the Debtor was able to keep the pool operating through payments made by the homeowners association. Based upon information obtained at the initial debtor interview and meeting of creditors, the United States Trustee was informed that the Debtor's proposed reorganization plan contemplated two alternatives (1) a sale under 11 U.S.C. §363 to an independent third party or (2) if the sale was not successful, working an arrangement with the City of Rockwall to redevelop the land to add another 2 holes and make a 9 hole course.

## Disclosure Statement

3. Adequate information is defined to be "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor..." 11 U.S.C. §1125(a). [2]

---

[2] Factors courts consider in evaluating the adequacy of a disclosure statement include: "(1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to

4. "If the plan is patently unconfirmable on its face, the application to approve the disclosure statement must be denied, as solicitation of the vote would be futile." *In re Quigley Co.*, 337 B.R. 110, 115-16 (Bankr. S.D.N.Y. 2007).

5. The Disclosure Statement provides no discussion of post petition events and orders that occurred post petition, other than referencing the employment of counsel. (*disclosure statement at page 15* ). There is no disclosure of the pending motion to lift stay filed by the lender.

6. The Disclosure Statement fails to explain why going through the plan process is truly beneficial to the creditor body at large. The Disclosure Statement is silent on whether the "indubitable equivalent" treatment to secured creditors, is merely an attempt to release the Silversteins from their personal guarantees. If that is the intent then the creditors should be conspicuously informed. If the Debtor is using the bankruptcy process to limit its principal's obligations as a guarantor, such may constitute lack of good faith under 11 U.S.C. §1129(a)(3).

7. The United States Trustee learned that the following handwritten statement, "make sure we served ballot package" appeared at the bottom of the first page of the Order and Notice for Hearing on Disclosure Statement, that was mailed out by Debtor's counsel. This statement did not appear on the signed Order, *dkt. no. 57*, which specifically states that the Disclosure Statement and Plan of Reorganization be

---

accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a nonbankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates." *In re Metrocraft Pub. Services, Inc.*, 39 B.R. 567, 568 (Bankr. Ga. 1984).

distributed in accordance with Fed.R.Bankr.P.3017(a).[3]  Thus, a confirmation ballot was sent out and the plan has been solicited in contravention of 11 U.S.C. §1125 (b) . *See, Exhibit A.*  Whether by virtue of an inadvertent mistake or otherwise, the confirmation process is vitiated.

The United States Trustee requests that the court enter an order denying approval of the Disclosure Statement and granting to the United States Trustee such other and further relief as is just and proper.

November 12, 2010
WILLIAM T. NEARY
UNITED STATES TRUSTEE
*/s/ Nancy Resnick*

Office of the United States Trustee
1100 Commerce St.  Room 976
Dallas, Texas  75242

## Certificate of Service

The undersigned hereby certifies that she served a copy of the foregoing pleading on the parties listed below via  ECF. The United States Trustee left a message with debtor's counsel prior to filing this objection but did not receive a return call.

**J. Michael Sutherland**
Carrington Coleman Sloman & Blumenthal
901 Main Street, Suite 5500
Dallas, TX 75202-3767

**Brian Christopher Mitchell**
Bracewell & Giuliani, LLP
1445 Ross Avenue, Ste. 3800
Dallas, TX 75202-2711

**Laurie Spindler Huffman**
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan St., Suite 1600
Dallas, TX 75201

---

[3] By specifically including this code section in the form of Order, counsel knew  this was not a small business case, which incorporates FRBP 3017.1(a) and (b).

**Shores Properties, L.P.**
11512 El Camino Real
Suite 120
San Diego, CA 92130

**Joyce W. Lindauer**
Joyce W. Lindauer, Attorney at Law
8140 Walnut Hill Lane, Suite 301
Dallas, TX 75231

**Susan B. Hersh**
Susan B. Hersh, P.C.
12770 Coit Road, Suite 1100
Dallas, TX 75251

**Texas Comptroller of Public Accounts**
Jason Starks
Office of the Attorney General
300 West 15th St., 8th floor
Austin, TX 78701

**Mugdha S. Kelkar**
Greenberg Traurig
2200 Ross Ave., Suite 5200
Dallas, TX 75201

*/s/ Nancy Sue Resnick*

Nancy Sue Resnick