U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**United States Bankruptcy Judge**

**Signed November 24, 2010**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 |
| | § | |
| SHORES PROPERTIES, L.P. | § | |
| | § | |
| | § | |
| Debtor. | § | CASE NO. 10-34904-SGJ11 |

### AGREED ORDER GRANTING HILLCREST BANK
### RELIEF FROM THE AUTOMATIC STAY

Hillcrest Bank ("Hillcrest"), a secured creditor, has filed a Motion for Relief from the Automatic Stay [Docket No. 44] (the "Motion"), seeking to lift the automatic stay so that it may pursue statutory and contractual legal remedies with respect to certain real property and improvements located in Rockwall, Rockwall County, Texas, which are more specifically described in Debtors' Schedule A and the documents filed in support of Hillcrest's proof of claim in this matter and the Motion (the "Property").

Hillcrest and Debtor Shores Properties, L.P. ("Debtor") (Hillcrest and Debtor shall be collectively referred to herein as the "Parties") have submitted this Agreed Order for entry by the

Court, whereby the automatic stay shall be lifted so that Hillcrest is granted relief from the automatic stay to allow Hillcrest to pursue its statutory and contractual remedies with respect to the Property, including a non-judicial foreclosure sale of the Property in January 2011 and any action(s) prior to such time as may become necessary to post the Property for a non-judicial foreclosure sale. The Court, having considered the Motion, this Order, and based upon all of the pleadings filed with the Court and the announcement of an agreement between Debtor and Hillcrest, hereby:

**FINDS AND CONCLUDES AS FOLLOWS:**[1]

1.  On July 12, 2010, (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

2.  The Debtor alleges that it continues to operate its business and manage its property as a debtor and debtor-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

3.  Loan Documents. Prior to the Petition Date, on or about October 31, 2004, Hillcrest and Debtor entered into a Loan Agreement (the "Loan Agreement"), whereby Hillcrest agreed to loan Debtor the amount of $4,150,000.00.[2] The Loan Agreement was made in connection with Debtor's purchase of a portion of a golf course, which consisted of seven golf

---

[1] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact.

[2] The Loan Agreement was subsequently amended on January 11, 2006 via a First Modification of Loan Agreement and Other Loan Documents (the "First Amendment to Loan Agreement"), on November 1, 2007 via a Second Loan Modification Agreement (the "Second Amendment to Loan Agreement"), on January 1, 2008 via a Third Loan Modification Agreement (the "Third Amendment to Loan Agreement"), on March 1, 2008 via a Fourth Loan Modification Agreement (the "Fourth Amendment to Loan Agreement"), on November 15, 2008 via a Fifth Loan Modification Agreement (the "Fifth Amendment to Loan Agreement"), and on November 20, 2009 via a Sixth Loan Modification Agreement (the "Sixth Amendment to Loan Agreement"). The Loan Agreement and all subsequent amendments thereto shall be collectively referred to herein, unless otherwise indicated, as the "Loan Agreement").

holes, a clubhouse, pool and tennis courts (the "Property").[3] Pursuant to the terms of the Loan Agreement, and contemporaneously therewith, Debtor executed a promissory note (the "Note") in favor of Hillcrest in the amount of $4,150,000.00.[4] The Loan Agreement and Note were secured by a Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing (the "Deed of Trust"), which was filed in the County Records of Rockwall County, Texas on November 12, 2004.[5] The Loan Agreement, Note and Deed of Trust shall be collectively referred to herein as the "Loan Documents." The Loan is secured by valid, enforceable and perfected security interests and liens in and to the Property, and Debtor has no claims against Hillcrest or offsets relating to the Loan Documents or the indebtedness under the Loan Documents.

4.      As of the Petition Date, and pursuant to the Loan Documents, Debtor was indebted to Hillcrest in the approximate amount of $4,000,000.00 (the "Indebtedness").

5.      Jeffrey M. Silverstein ("Silverstein") executed a Guaranty Agreement and Amended and Restated Guaranty Agreement whereby Silverstein personally guaranteed due and punctual payment and performance of the Debtor's obligations under the Note (the "Guaranty"), up to the limitation amount. Helaine S. Silverstein ("Spouse") consented to the Guaranty. IRI Golf Management pledged business assets, and Silverstein pledged his partnership interest in IRI Golf Management, as part of the Sixth Amendment to Loan Agreement (the "Shores IRI Pledge").

---

[3] The remaining eleven golf holes are owned by the City of Rockwall, which previously leased Debtor the right to use those holes in connection with the operation of an 18-hole golf course.

[4] The Note was subsequently amended on March 1, 2008 via an Amended and Restated Promissory Note (the "Amended Note"). The Note and Amended Note shall be referred to collectively herein, unless otherwise indicated, as the "Note."

[5] The Deed of Trust was subsequently amended on February 22, 2005 via a First Amendment to Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing (the "Amended Deed of Trust"). The Deed of

6. Hillcrest and Debtor have reached an agreement regarding a modification of the Automatic Stay and a release of the Guaranty, Spouse and IRI Pledge as they relate to the Shores loan (the "Shores Guaranty Release Agreement"), as set forth herein.

**IT IS, THEREFORE, ORDERED THAT:**

(a) As of the date of this Order, the automatic stay imposed by 11 U.S.C. § 362 is hereby vacated to allow Hillcrest to pursue any and all of its available legal remedies with respect to the Property, including but not limited to posting the Property for a foreclosure sale and conducting a foreclosure sale of the Property in January 2011 (or any subsequent month). Upon completion of a non-judicial foreclosure sale of the Property, Hillcrest shall be deemed to release Silverstein and Spouse from any liability or obligations under the Guaranty and IRI from any liability under the Shores Loan Documents, pursuant to the terms and conditions of the Shores Guaranty Release Agreement.

(b) The fourteen (14) day stay required under Bankruptcy Rule 4001(a)(3) is hereby waived; and

(c) This Court shall retain jurisdiction over any and all disputes arising from the entry of this Agreed Order and any other matters relating to this case.

###END OF ORDER###

---

Trust and Amended Deed of Trust shall be referred to collectively herein, unless otherwise indicated, as the "<u>Deed of Trust</u>."

-5-

**AGREED AND ENTRY REQUESTED:**


*/s/ Brian C. Mitchell*
Samuel M. Stricklin
Texas Bar No. 19397050
Brian C. Mitchell
Texas Bar No. 24046452
BRACEWELL & GIULIANI LLP
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202-2711
(214) 468-3800 Telephone
(214) 468-3888 Facsimile

**ATTORNEYS FOR HILLCREST BANK**



*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
Texas Bar No. 21555700
8140 Walnut Hill Lane, Suite 301
Dallas, Texas 75231
(972) 503-4033 Telephone
(972) 503-4034 Facsimile

**ATTORNEYS FOR DEBTOR**